# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN E. TARPLEY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-10-2140 |
| J. MICHAEL STOUFFER, et al. | * | |
| Defendants | * | |

oOo

## MEMORANDUM

Pending are Defendants' Motion to Dismiss (Docket No. 42) and Plaintiff's Motion to Correct (Docket No. 38) and for Sanctions (Docket No. 50). Plaintiff has opposed the Motion to Dismiss. Docket No. 51. The issues have been fully presented, and oral hearing is unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Court will, by separate Order, GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Motions to Correct and for Sanctions.

### I.   BACKGROUND

On June 1, 2011, this Court issued a Memorandum and Order granting summary judgment in favor of Defendants Tessema and Trenum.[1] Docket Nos. 40 and 41. Claims against the remaining Defendants, Galley, Greene, Shearin and Stouffer ("Correctional Defendants"),[2] remained pending. The Correctional Defendants filed a Motion to Provide a More Definite Statement (Docket No. 25 and 26) in response to the Complaint, which this Court granted on January 11, 2011. See Docket No. 27. Plaintiff then filed his Answer to the Motion on May 4,

---

[1] Still technically pending is Plaintiff's Cross Motion for Summary Judgment (Docket No. 35), which was filed in response to Defendants Tessema and Trenum's motion. That Motion will also be denied.

[2] There are an additional 32 named Defendants who have not been served.

2011. Pl.'s Ans., Docket No. 39. After receiving Plaintiff's Answer, the Correctional Defendants filed the pending Motion to Dismiss based on their assertion that Plaintiff's Answer did not comply with this Court's Order requiring a more definite statement.

The Complaint with regard to Correctional Defendants charges the alleged improper confiscation of Plaintiff's legal materials dating back to 2007, as well as an alleged conspiracy to deprive him of his right to access the courts. See Docket No. 1. These claims are difficult to analyze because Plaintiff is, to put it mildly, a serial litigant. In its Order requiring Plaintiff to provide a more definite statement, the Court directed him to provide a summary of each of his prior lawsuits against correctional personnel, including the court where the Complaint was filed, the names of the Defendants involved in each case, a brief summary of the facts (including dates), and the disposition. See Docket No. 27.

In his response, Plaintiff states he has filed the following Complaints:

1. The claim raised against Correctional Defendants was originally filed in the Circuit Court for Baltimore City[3] and subsequently transferred to the Circuit Court for Allegany County. The complaint was withdrawn by Plaintiff before service occurred because he was transferred to Eastern Correctional Institution in Somerset County and suffered an assault while in temporary housing at Western Correctional Institution, where he was sent for purposes of a hearing. He withdrew the complaint so he would not have to be sent back to WCI for another court date. Pl.'s Ans. 3, Docket No. 39.

2. Plaintiff filed an action in the Circuit Court for Allegany County[4] concerning the alleged unlawful taking of his personal property. Id. at 4. The case was dismissed on September 19, 2008 on the grounds of Plaintiff's failure to exhaust all administrative remedies. Id. Attach. at 8.

3. Plaintiff also references a "supplemental complaint," but it leaves unclear where this Complaint was ever filed and, if so, whether it was ever adjudicated. See id. Attach. at 9–19.

---

[3] The case number provided by Plaintiff is 24-C-08-005822. Pl.'s Ans., Docket No. 39 at 3.

[4] The case number for the property claim is 07-C-28941. Id. at 4.

2

4. Plaintiff filed an action in this Court regarding an "assault on Plaintiff's legal documents" needed for his post-conviction proceedings. See Tarpley v. Green, Civil No. L-09-701 (D. Md. 2009). Plaintiff filed a notice of voluntary dismissal regarding this Complaint after failing to amend the complaint within a reasonable amount of time. Pl.'s Ans. 5, Docket No. 39.

5. Plaintiff filed a claim against Correctional Officer Jeremy Lindburg and Lt. Robert M. Friend in this Court. The claim was dismissed for failure to plead with sufficient particularity.[5] Id. at 5; see Tarpley v. Friend, Civil No. L-08-1240 (D. Md. 2009). Plaintiff appealed this Court's decision to the Fourth Circuit Court of Appeals and the appeal was dismissed.

6. Plaintiff filed a request with this Court for copies of documents used by the State in another case. See Tarpley v. Warden, Civil No. WMN-08-3488 (D. Md. 2009). The Complaint was dismissed on January 7, 2009, because Plaintiff failed to state a particularized need for the copies he sought at the government's expense. Plaintiff states that this case has no bearing on the claims raised in the case sub judice. Pl.'s Ans. 5, Docket No. 39.

7. Plaintiff states that he filed other cases prior to March 13, 2007, but that he is unable to elaborate because staff at WCI confiscated an entire box of legal papers and required Plaintiff to send them out of the facility. Id. at 6.

Plaintiff has also provided supplemental response, which includes a list of his previous litigation in this and other courts. Docket No. 52. There are 12 federal cases listed, and Plaintiff provides details regarding the claims raised and the disposition reached in seven of those cases. For the remaining five, Plaintiff claims he has no records or independent recollection. Plaintiff also provides an extensive list of state court cases he has filed, but for many he cannot recall the issue involved.

The basis for the Correctional Defendants' Motion for a More Definite Statement was that the Complaint in this case stretches to 98 pages and contains 62 legal claims against more than 30 Defendants, spanning a period from 1996 through 2009. Additionally, the Correctional

---

[5] The claims raised in L-08-1240 concerned confiscation of legal papers. The court granted Summary judgment in favor of Defendants because Plaintiff failed to show an actual injury resulting from the loss of his legal papers and, to the extent that he alleged improper confiscation of property, the Complaint did not state a constitutional claim. See Tarpley v. Friend, Civ. Action L-08-1240, Docket Nos. 32 and 33.

3

Defendants assert that Plaintiff has filed no fewer than 19 federal lawsuits in this Court and 66 legal claims in the Maryland State Courts. See Def.s' Mot. for More Definite Statement Ex. 1 and 2, Docket Nos. 26-2 and 26-3.[6] The Correctional Defendants thus maintained that it was impossible to tell whether some or all of the claims raised in the instant Complaint have been previously litigated. Id.

> Federal Rule of Civil Procedure 12(e) provides that:
>
>> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

The purpose of a Rule 12(e) motion is to enforce the notice pleading requirements of Rule 8, which requires "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Although a self-represented Complaint may contain potentially viable claims, if it "places an unjustifiable burden on Defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors," dismissal under Rule 8 is proper. Holsey v. Collins, 90 F.R.D. 122, 128–29 (D. Md. 1981); see also Untracht v. Fikri, 368 F. Supp. 2d 409, 414 (W.D. Pa. 2005) (dismissing complaint with such excessive factual detail that extracting allegations pertaining to stated claims was nearly impossible).

---

[6] Plaintiff claims he has only filed 12 federal lawsuits. Pl.'s Supp. Ans., Docket No. 51.

Plaintiff's objection to Defendants' Motion to Dismiss is that their claim, that it would be unduly burdensome to research and review the multitude of cases he has filed in the past, is an insufficient basis for dismissal in light of his "absolute right guaranteed by the First Amendment to the United States Constitution to petition the government for redress of his grievances." Pl.'s Supp. Ans., Docket No. 51. Plaintiff draws a distinction between an inability to frame a response to the claims raised and an allegation that framing the response would be burdensome. In his Motion for Sanctions, Plaintiff asserts that counsel for Correctional Defendants has knowingly misstated the number of cases that Plaintiff has filed in the past. See Pl.'s Mot. for Sanctions, Docket No. 50. He claims the number of cases is inflated because some of the cases were transferred and thus appear on the lists provided twice. He does not explain, however, how counsel or the Court might be able to discern which of the numerous cases he has filed were transferred to another jurisdiction without looking at each and every docket sheet.

Plaintiff's response to the Order requiring a more definite statement falls far short of bringing the Complaint into compliance with Fed. R. Civ. Proc. 8. Of concern in this case is whether the claims raised have already been litigated in another forum. Plaintiff's inability to clarify the nature of the cases he has filed in the past, coupled with his admission that some of the claims raised in the pending Complaint were raised in some of the prior cases, makes the task of formulating a cogent response to his allegations unduly burdensome.[7]

The Court is mindful of Plaintiff's right of access to the courts; however, that right does not entitle him to demand unnecessary expenditures of limited public resources in determining which of his numerous claims might be time-barred or otherwise barred by collateral estoppel or

---

[7] The Court notes that many of Plaintiff's claims appear to be time-barred, but in order to present that defense counsel for the Defendants would be required to parse out which of the many claims addressed a continuing course of conduct and which did not. That task would also prove unduly burdensome, given the number of claims presented and the number of cases filed in the past.

5

res judicata. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (denial of access to courts claim properly dismissed where no actual injury is alleged as "prison officials are not required to file unnecessary responses to speculative allegations."). Plaintiff's attempt to simply join all of his previous claims together into one Complaint and re-title the cause a conspiracy to deprive him of access to courts must fail. Defendants are not required to chase down every perceived violation, determine if it is properly before this Court, investigate the factual basis of each claim, formulate affidavits regarding the allegations, and simply hope they have not waived viable defenses.

For the reasons stated herein, the Court will, by separate Order, GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Motions to Correct and for Sanctions.

Dated this 11th day of October, 2011

/s/
_____
Benson Everett Legg
United States District Judge